Scott, J. Recognizing the position that the contract, out of which this cause originated, having been made in the State of New York, with reference to its laws, it is to have the same effect here which it would have there, (Story's Conflict of Laws, 274. 3 Pickering, 12,) we have examined the numerous de- cisions of that State that have a bearing upon the question that arises upon this record, (reported in Johnson, Cowen, and Wen-dall’s Reports,) and finding the law clearly laid down in several of these cases, and more especially in the case of Dayton vs. Trull, reported in 23 Wendcdl, and the numerous cases therein cited, recognized, and commented upon, we have found but little difficulty in arriving at a satisfactory conclusion. The finding and judgment of the court below in favor of the defendant in error were upon the common counts. It is admitted that the evidence was not sufficient to authorize a finding .and judgment on the special count; and the question presented for our decision is, whether or not this judgment can be sustained consistently with the exposition of the law in the cases cited above. In our researches we have not found a single case where a plaintiff was allowed to resort to the common counts, and base his recovery upon the original consideration, after he has lost, ■by his own laches, his action against the defendant upon the '¡bill or note, which has been passed to him either as absolute or -as conditional payment. On the contrary, the reasonable doc-itrine that a plaintiff can never recover on the original consideration for which the note or bill was given until he shows such -a state of facts as will authorize him to recover on the note or hill itself, is distinctly and emphatically recognized in several of ¡these cases. ' In Gase a plaintiff has lost by his own laches his legal recourse against the defendant upon the bill or note, it is in vain that he brings it into court and offers to cancel it, with the expectation of being allowed, after cancellation, to proceed to recover on the original consideration. As well might he hope, by such means, to revive a cause of action that had been barred by the statute of limitations. And in case some third party had been primarily liable (as maker or acceptor) on such note or bill, upon which the right to recover of the defendant had been so lost by lachess, no less vain would it be to show that such party so primarily liable upon the note or bill was still so liable. As well might this argument be used to charge any endorser who had been discharged by the lex mercatoria. And still not less vain would it be to show that, by actual agreement, much less by any agreement that the laws of New York might have set on foot, that the bill or note was not taken as payment absolutely, but only to apply the proceeds, when collected, to a debt for which no other security was taken. Because, in each of these three cases the legal effect of the party’s own laches has been to make the bill or note his own; for, whether received as payment, or on agreement, either express or implied, to apply the money, when collected, to a debt for which no other security had been taken, the duty of presenting the bill or note, and demanding the money, and giving due notice, results from the nature of the security. When a bill, it purports to be a transfer of funds which the drawer has in the hands of the drawee: and there is an implied undertaking on the part of the holder that he will take the proper steps to have these funds applied to the satisfaction of his debt. When a note, the undertaking to make demand, and, in case of payment, to apply the funds, is no less implied. When a draft is given upon a third party, as in the case before us, it is not like the ordinary case of a note given upon the purchase of goods, which may be cancelled on the trial and a recovery had on the original consideration. In such a case there is no doubt of the defendant’s liability on his note. So also when there is no doubt of the defendant’s liability, as drawer or endorser on a bill, the same rule will apply; but not so in any case where the defendant is discharged from all liability on the written instrument. But although the note of a third person, or the draft of a defendant on a third person, when received on account of a preexisting debt, as for instance to be applied when collected, may operate as payment, if the creditor disposes of and parts with the note or bill, or is guilty of laches in not presenting it for payment in due time, and giving the proper notice of non-payment, yet he is not bound to sue, but may return the security when dishonored on due presentation, and then resort to the original consideration,'because the effect of receiving such security, when not expressly agreed to be taken as payment and at the risk of the creditor, is only to postpone the time of payment of the old debt until a default be made in the payment of the bill or note on its presentation for payment at the proper time and place, and notice given of dishonor to the maker or drawer. .Considering it well settled, by the authorities to'-which we have referred, that-the plaintiff in this case was bound to present the draft in question to L. Mudge & Co. for payment on the very day of its maturity, according to the lex mercatoria, and give due notice to the drawer, if was not paid, and that the burthen lay on him of proving that due diligence had been used, and that until he makes out due diligence, or such facts as will excuse the want of presentment and notice, as well as produce the draft in court for cancellation, he cannot recover on the common counts. It follows necessarily that the court below erred in its finding and judgment, and that its judgment must be reversed, and the cause remanded to be proceeded in.